**FILED**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

JUN - 3 2005


CLERK

```
***************************************************************
                                    *
THE CINCINNATI INSURANCE            *   CIV 04-4114
COMPANY,                            *
                                    *
                                    *
            Plaintiff,              *
                                    *   MEMORANDUM OPINION
                                    *   AND ORDER
      -vs-                          *
                                    *
PRO ENTERPRISES, INC.; PRO-BUILT    *
MANAGEMENT, INC.; GILLETTE          *
HOSPITALITY LIMITED                 *
PARTNERSHIP; and                    *
HEGG COMPANIES, INC.,               *
                                    *
            Defendants.             *
                                    *
***************************************************************
```

Plaintiff filed a Motion for Summary Judgment, Doc. 14, which has been fully briefed by the parties. The motion will be denied for the reasons set forth below. The Court will enter a declaratory judgment in favor of Defendants on the duty to defend issue and will stay the remaining insurance coverage issues.

## BACKGROUND

In this diversity action, Plaintiff seeks a declaratory judgment that the insurance policies it issued to Defendants Pro Enterprises, Inc. and Pro-Built Management, Inc. (collectively "Pro-Built") do not provide coverage for claims asserted against Pro-Built in a state court action pending in the Second Judicial Circuit in South Dakota and that it has no duty to defend Pro-Built in that action. *See Gillette Hospitality Limited Partnership v. Pro*Built Management, Inc.*, CIV 02-689. The state court action, which will be referred to as "the underlying action," was brought by Defendants Gillette Hospitality Limited Partnership and Hegg Companies, Inc. (collectively "Gillette") against Pro-Built, wherein Gillette alleges claims of breach of contract, negligence, negligent misrepresentation and

defamation relating to a hotel construction contract. A jury trial in the underlying action was initially scheduled for January 31, 2005, but the trial has been continued indefinitely.

Plaintiff insured Pro-Built under two policies, a Commercial General Liability Policy ("General Liability policy") and a Commercial Umbrella Liability Policy ("Umbrella policy"). Pro-Built entered a contract with Gillette to be a construction manager for a hotel construction project in Gillette, Wyoming. Pro-Built was charged with preparing a construction cost estimate and to supervise the hotel construction project, including reviewing and monitoring the work quality of the trade contractors, as well as coordinating the schedule and budget.

Gillette brought the underlying action against Pro-Built in state court alleging five separate counts. Count I alleges a claim for breach of contract for Pro-Built's alleged breach of the Construction Management Contract. Count II asserts a claim for negligent misrepresentation based on allegations Pro-Built represented that the construction cost estimate was substantially accurate; that the hotel project would be completed within the budget and according to schedule; and that Pro-Built would be able to properly and capably supervise the hotel project. Negligence is alleged in Count III, based on allegations that Pro-Built failed to exercise ordinary care in carrying out and fulfilling the terms of the Construction Management Contract by failing to adequately review and monitor the work quality of the trade contractors, coordinate the schedule and budget, and supervise the hotel project. The asserted claim in Count IV is for breach of fiduciary duty based on allegations that the Construction Management Contract established a fiduciary relationship between Gillette and Pro-Built and that Pro-Built breached that duty. Count V alleges a claim of defamation of business reputation caused by statements made by Pro-Built regarding Gillette that Gillette alleges were false and were made by Pro-Built for the purpose of and pursuant to a preconceived policy and intent to injure Gillette in the communities of Gillette, Wyoming and Sioux Falls, South Dakota.

Count V in the initial state court complaint alleged that, "ProBuilt ... has repeatedly stated that Gillette Hospitality did not and does not intend to pay trade creditors that worked on the Hotel Project." (Doc. 16, Ex. C, p. 11.) In the original complaint, it is further alleged that the statements by Pro-Built "were made maliciously and with intent to cause a belief that Gillette Hospitality was

2

dishonest and lacking business integrity" and that the statements "were and are false and untrue and were made by ProBuilt for the purpose of and pursuant to a preconceived policy and intent to injure Gillette Hospitality." (*Id.*) Count V in the Amended Complaint includes the above quoted allegations and alleges additional false statements: "ProBuilt ... repeatedly stated that Gillette Hospitality and the people that worked for Gillette Hospitality were 'crooks' or otherwise made defamatory comments." (Doc. 35, Ex. 1, p. 11.) The Amended Complaint also adds an alternative basis for the defamation claim: "In the alternative, if it is found that these statements were not made intentionally to defame Gillette Hospitality, these statements were made negligently and with reckless disregard for the truth surrounding the same and were made to imply a false assertion of fact against Gillette Hospitality." (*Id.*)

Plaintiff has defended Pro-Built in the underlying action under a reservation of rights. In the pending summary judgment motion, Plaintiff contends it has no duty to defend Pro-Built in the underlying action. As to Counts I, II, III and IV in the underlying action, Plaintiff contends those claims do not allege an "occurrence" as defined in the policies and that these counts do not allege any "bodily injury" or "property damage" as required for coverage under the policies. Plaintiff further alleges that Count V, asserting defamation of business reputation, is excluded from the "personal injury" coverage under the policies because it is an intentional falsehood.

Pro-Built contends that the two policies issued by Plaintiff require Plaintiff to defend Pro-Built in the underlying action. The exclusions for intentional acts and statements made with knowledge of their falsity, Pro-Built asserts, do not absolve Plaintiff of its duty to defend. The Amended Complaint alleges negligent defamation in addition to intentional defamation, and this alone, Pro-Built argues, requires Plaintiff to defend Pro-Built in the underlying action. Neither the original nor the amended complaint in the underlying action allege that Pro-Built made any statements knowing they were false, which would fall within the exclusionary language in the policies quoted above. Pro-Built's view is that South Dakota law does not require proof of known falsehoods to establish defamation.

3

## DECISION

Summary judgment is appropriate if the moving party establishes that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). In reviewing a motion for summary judgment, the Court views the evidence in a light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995) (citations omitted).

### A. Duty to Defend

Regarding the duty to defend an insured, South Dakota law provides that, "[t]he duty to defend is much broader than the duty to pay a judgment rendered against the insured." *Biegler v. American Family Mut. Ins. Co.*, 621 N.W.2d 592, 599 (S.D. 2001) (quotation marks and citations omitted). The insurer has the burden of proof on the duty to defend issue. *Id.* "To satisfy this burden the insurer must show that the claim *clearly* falls outside of the policy coverage." *Id.* In addition, if the complaint against the insured contains one claim that falls within the policy coverage, the duty to defend arises "'even though the pleadings are ambiguous or reveal other claims not covered in the policy, and notwithstanding that extraneous facts indicate the claim is false, groundless or even fraudulent.'" *Id.* (quoting *Hawkeye-Security, Ins. Co. v. Clifford*, 366 N.W.2d 489, 490 (S.D. 1985)).

Plaintiff contends a policy exclusion absolves it from the duty to defend Pro-Built in the underlying action. The General Liability policy provides that Plaintiff will pay those sums Pro-Built becomes "legally obligated to pay as damages because of 'personal injury ... to which this insurance applies." (Doc. 16, Ex. A, p. 4.) Personal injury under the General Liability policy is defined as "injury other than 'bodily injury' arising out of one or more of the following offenses: ... d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services ...." (Doc. 16, Ex. A, p. 11.) In the section listing exclusions from coverage, the policy states:

4

2. Exclusions
This insurance does not apply to:
a. 'Personal injury'...:
(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

(Doc. 16, Ex. A, p. 4.)

The Umbrella policy provides that Plaintiff will pay on behalf of Pro-Built "the 'ultimate net loss' which the insured is legally obligated to pay as damages in excess of the 'underlying insurance' or for an 'occurrence' covered by this policy which is either excluded or not covered by 'underlying insurance' because of ... 'Personal injury" ... covered by this policy committed during the policy period and caused by an 'occurrence.'" (Doc. 16, Ex. B, p. 1.) An "occurrence" under the Umbrella policy is defined as "[a]n offense that results in 'personal injury' ...." (Doc. 16, Ex. B, p. 12.) Like the General Liability policy, "personal injury" under the Umbrella policy is defined as "injury other than 'bodily injury' arising out of one or more of the following offenses: ... d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; ...." (Doc. 16, Ex. B, p. 12.) The same exclusion as quoted above in the General Liability policy applies regarding publications made with knowledge of falsity.

Pro-Built contends that the allegations of negligent or reckless defamation in the Amended Complaint require Plaintiff to defend Pro-Built in the underlying action. The Court agrees. South Dakota law provides that,"[d]efamation is effected by: (1) Libel; or (2) Slander." SDCL § 20-11-2 (2004). Libel under South Dakota law is defined as, "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." SDCL § 20-11-3 (2004). Slander is defined under South Dakota law as follows:

5

> Slander is a false and unprivileged publication, other than libel, which:
>
> ...
>
> (3)  Tends directly to injure him in respect to his office, profession, trade, or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profit;
>
> ...
>
> (5)  By natural consequence, causes actual damage.

SDCL § 20-11-4 (2004).

Neither libel nor slander, as defined by South Dakota law, require a showing that the publisher of the false publication have knowledge of the falsity of the publication. Thus, Pro-Built can be held liable for defamation in the absence of a showing of knowledge of falsity. Both the General Liability and Umbrella policies provide coverage to Pro-Built for libel and slander claims that are based on false statements made without knowledge of falsity. Both libel and slander are included within South Dakota's definition of defamation. The Amended Complaint contains alternative allegations that if the false statements were not made intentionally, they were negligently made or made with reckless disregard. Plaintiff has not carried its burden of showing that all of the claims asserted by Gillette in the underlying action against Pro-Built *clearly* fall outside of the coverage provided under both the General Liability and Umbrella policies. The motion for summary judgment, therefore, will be denied.

## B.  Coverage Question

The interpretation of an insurance policy is governed by state law. *See TNT Speed & Sport Ctr., Inc. v. American States Ins. Co.*, 114 F.3d 731, 732 (8th Cir. 1997). The South Dakota Supreme Court has explained that, "[t]he existence of the rights and obligations of parties to an insurance contract are determined by the language of the contract, which must be construed according to the plain meaning of its terms." *Biegler*, 621 N.W.2d at 598-99. The Eighth Circuit has further explained that "[w]here the facts upon which liability is claimed or denied under an insurance policy are undisputed and the existence or amount of liability depends solely upon a

6

construction of the policy, the question presented is one of law ...." *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386, 1392 (8th Cir. 1996).

Plaintiff requests that the Court decide whether the claims in the underlying action fall within the coverage of the General Liability and Umbrella policies. Pro-Built contends that the Court should wait until the underlying action has been resolved to decide the coverage issues. Plaintiff contends that this Court must decide the coverage issue because "the State Court has ruled that this declaratory judgment action must be resolved before the underlying case will be tried." (Doc. 37 at 3.) In *North Star Mut. Ins. Co. v. Kneen*, 484 N.W.2d 908, 911 (S.D. 1992), the South Dakota Supreme Court held that an insurer was entitled to a decision on the coverage question before trial of the underlying action and that the trial court erred in refusing to decide the coverage issue. The *North Star* decision, however, was applying the South Dakota Declaratory Judgment Act, rather than the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Supreme Court has made "clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In addition, the Supreme Court held that a district court has the discretion to stay actions under the Declaratory Judgment Act:

> Consistent with the nonobligatory nature of the remedy [provided under the Declaratory Judgment Act], a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Id.* Accordingly, the Court is not *required* to rule on the coverage issue and may, in its sound discretion, stay that portion of this action.

Providing guidance on the exercise of this discretion, the Eighth Circuit explained that, "the district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court." *Capitol Indem. Corp. v. Haverfield* 218 F.3d 872, 874 (8th Cir. 2000). Although the Amended Complaint in the underlying

7

action against Pro-Built brought by Gillette is in the record in this case, there is a state court declaratory judgment action pending as well. At the time the state court in the underlying action continued the trial, it stated that "there are pending declaratory judgment cases in state and federal courts in South Dakota." (Doc. 33, Ex A.) The state court further stated that the "declaratory judgment actions should be processed and as soon as possible. The state court case I can address and set for consideration at the earliest time you are available." (*Id.*) The state court was correct as to the *state* declaratory judgment action because the South Dakota Supreme Court has interpreted the South Dakota Declaratory Judgment Act to require courts to decide the coverage issues before trial of the underlying action. *See Capitol Indem.*, 218 F.3d at 874. As explained above, however, there is no requirement that the *federal* declaratory judgment action be concluded before the trial in the underlying action.

The Court ruled above that Plaintiff has a duty to defend Pro-Built in the underlying action and that is the only issue the Court finds must be decided at this point in the proceedings. Regarding the coverage issues, the state court in the underlying action can submit special interrogatories to the jury to clarify under each count of the Amended Complaint whether it finds for Gillette or Pro-Built. If the jury finds in favor of Pro-Built, there will be no coverage issues to resolve in this action. If the jury finds in favor of Gillette, the Court can then resolve the coverage issues with full knowledge of the facts and the claims upon which Pro-Built is liable to Gillette. In light of the above discussion, the Court will decline to proceed on the coverage issues and will stay this action pending the resolution of the underlying action. *See Wilton*, 515 U.S. at 288, n.2 (noting that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.").

An additional reason to stay the pending action is that the Court has not been provided with any information concerning the pending state declaratory judgment action. Thus, it is unclear whether any of the coverage issues presented in this case are also pending in the state court declaratory judgment action. Accordingly

IT IS ORDERED:

1. That Plaintiff, Cincinnati Insurance Company's Motion for Summary Judgment, Doc. 14, is denied.

2. That a declaratory judgment will be entered declaring that Plaintiff Cincinnati Insurance Company has a duty to defend Pro-Built in the action pending in the Second Judicial Circuit in South Dakota, entitled *Gillette Hospitality Limited Partnership v. Pro\*Built Management, Inc.*, CIV 02-689.

3. That the Court declines to resolve the pending insurance coverage issues in this action under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and hereby stays this action until resolution of the action pending in the Second Judicial Circuit in South Dakota, entitled *Gillette Hospitality Limited Partnership v. Pro\*Built Management, Inc.*, CIV 02-689.

4. That within 20 days of the final resolution of the underlying action, *Gillette Hospitality Limited Partnership v. Pro\*Built Management, Inc.*, CIV 02-689, Plaintiff shall inform the Court whether the insurance coverage issues in this action have been resolved based upon the outcome of the underlying action or whether the coverage issues must be resolved in this action.

Dated this 3rd day of June, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK,
BY: _____
(SEAL)    DEPUTY

9